UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
ADINA B.M.,

                     Plaintiff,         <u>DECISION AND ORDER</u>
                                                    7:24-CV-05970-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
-------------------------------------------------------

GARY R. JONES, United States Magistrate Judge:

In May of 2021, Plaintiff Adina B.M.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by Olinsky Law Group, Howard D. Olinsky, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 7).

This case was referred to the undersigned on May 13, 2025. Presently pending are the parties' competing requests for judgment on the pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure.

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

For the following reasons, Plaintiff's request is due to be denied, the Commissioner's request is granted, and this case is dismissed.

## I.  BACKGROUND

### A.  *Administrative Proceedings*

Plaintiff applied for benefits on May 21, 2021, alleging disability beginning March 21, 2020. (T at 88-90).[2]  Plaintiff's application was denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on May 9, 2023, before ALJ Michael Stacchini. (T at 39-87). Plaintiff appeared with an attorney and testified. (T at 49-73). The ALJ also received testimony from Theresa Hopkins, a vocational expert. (T at 73-86).

### B.  *ALJ's Decision*

On November 1, 2023, the ALJ issued a decision denying the application for benefits. (T at 12-35).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since March 21, 2020 (the alleged onset date) and meets the insured status requirements of the Social Security Act through December 31, 2025 (the date last insured). (T at 17).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 8.

The ALJ concluded that Plaintiff's degenerative disc disease of the lumbar spine; post-COVID syndrome; asthma; chronic rhinitis/sinusitis; obstructive sleep apnea; spondyloarthropathy; fibromyalgia, chronic fatigue syndrome; irritable bowel syndrome; depressive disorder; anxiety disorder; and borderline personality disorder were severe impairments as defined under the Act. (T at 17-18).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 18).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR 404.1567 (b), with the following limitations: she can occasionally balance, stoop, kneel, crouch, and crawl; must avoid extreme cold, extreme heat, humidity, and atmospheric conditions; avoid unprotected heights and hazardous machinery; must be permitted to have access to bathroom for 5% of the work day and during regularly scheduled breaks; and is restricted to low stress work, defined as jobs with decision-making and changes in the work setting limited to simple, routine, repetitive tasks. (T at 21).

The ALJ concluded that Plaintiff could not perform her past relevant work as a graphic designer. (T at 28).

However, considering Plaintiff's age (46 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 28).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between March 21, 2020 (the alleged onset date) and November 1, 2023 (the date of the ALJ's decision). (T at 29).

On June 17, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

C.   *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on August 6, 2024. (Docket No. 1).  On December 20, 2024, Plaintiff filed a brief requesting judicial review and a remand for further administrative proceedings. (Docket No. 11).  The Commissioner interposed a brief in support of the denial of benefits and in opposition to Plaintiff's request for remand on February 4, 2025. (Docket No. 13).  On

February 20, 2025, Plaintiff submitted a reply brief in further support of her request. (Docket No. 14).

## II.  APPLICABLE LAW

### A.  *Standard of Review*

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which

conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B. Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...." 42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether the claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises two main arguments in support of her request for reversal of the ALJ's decision.  First, Plaintiff argues that the ALJ's

7

assessment of the medical opinion evidence was flawed. Second, she contends that the ALJ's conclusion that she needed to "avoid" exposure to respiratory irritants is ambiguous and requires remand. The Court will address each argument in turn.

    A.   *Medical Opinion Evidence*

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Because Plaintiff applied for benefits after that date, the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. *See* 20 C.F.R. § 404.1520c (a), (b)(2). The ALJ is required to "articulate how [he or she] considered the

medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. *See* 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)). The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. *See* 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Dr. Melissa Antiaris performed a consultative psychiatric evaluation in November of 2021. Dr. Antiaris diagnosed panic disorder, agoraphobia, and generalized anxiety disorder. (T at 1502). She

assessed no limitation in Plaintiff's ability to understand, remember, or apply simple directions and instructions, with mild impairment as to complex directions and instructions. (T at 1502). Dr. Antiaris opined that Plaintiff had no limitation with respect to using reason and judgment to make work-related decisions or interact with supervisors, coworkers, or the public. (T at 1502). She found mild impairment in Plaintiff's ability to concentrate, maintain pace, and sustain an ordinary routine and regular attendance. (T at 1502).

Dr. Antiaris assessed marked limitation in Plaintiff's ability to regulate emotions, control behavior, and maintain well-being. (T at 1502).

The ALJ found Dr. Antiaris's opinion partially persuasive, concluding that the examiner's assessment of marked impairment in regulating emotions, controlling behavior, and maintaining well-being was not supported by, or consistent with, the record. (T at 27).

For the following reasons, the Court finds the ALJ's consideration of Dr. Antiaris's opinion supported by substantial evidence and consistent with applicable law.

First, the ALJ's decision is supported by the opinions of Dr. E. Gagan and Dr. H. Rozelman, non-examining State Agency review physicians, who assessed no more than mild limitation in Plaintiff's ability to meet the

mental demands of basic work activity. (T at 99, 120). See *Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)("'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the record as a whole.'") (quoting *Leach ex rel. Murray v. Barnhart*, No. 02 Civ.3561 RWS, 2004 WL 99935, at *9 (S.D.N.Y. Jan. 22, 2004)).

Second, the ALJ relied on a reasonable reading of the record in deciding to give less persuasive power to Dr. Antiaris's assessment of marked impairment. Mental status examinations consistently described Plaintiff as cooperative; with appropriate orientation, mood, and affect; and demonstrating intact judgment and insight, normal memory, coherent thought, and average cognitive functioning. (T at 334, 353, 356, 359, 372, 377, 528, 1468, 1500-01, 1622, 1893, 1906, 1909, 1942, 2353, 2430, 2569, 2758, 3215, 3220, 3228, 3327, 3386, 3487, 3564, 3602, 3609, 3619, 3638).

Although ALJs must be careful not to overestimate the significance of a claimant's ability to be cooperative and appropriate during brief visits with supportive medical providers, such evidence can support a decision to discount marked or extreme limitations. *See, e.g., Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y.

Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec.*, No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips' opinion, combined with largely unremarkable mental status examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

Third, the ALJ appropriately considered Plaintiff's activities of daily living. Plaintiff had interpersonal and emotional challenges, but the record also shows that she attends to personal care, performs household chores, and attends social events. (T at 27, 51, 55, 1501, 1516, 3599).

While ALJs must not overinterpret a claimant's ability to perform limited activities of daily living, an ALJ may discount an assessment of marked limitation where, as here, the claimant's activities could reasonably be considered inconsistent with that level of impairment. *See Riaz v. Comm'r of Soc. Sec.*, No. 20CIV8418JPCSLC, 2022 WL 6564018, at *15 (S.D.N.Y. Aug. 5, 2022)(collecting cases), *report and recommendation*

*adopted*, No. 20CIV8418JPCSLC, 2022 WL 4482297 (S.D.N.Y. Sept. 27, 2022).

Lastly, to the extent the record evidences impairment in Plaintiff's ability to regulate emotions, control behavior, and maintain well-being, the ALJ adequately accounted for this by limiting Plaintiff to low stress work involving simple, routine, repetitive tasks. (T at 21).  *See McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014)(finding that ALJ appropriately accounted for moderate work-related psychiatric limitations by limiting the claimant to unskilled, low stress work involving limited contract with others); *see also Platt v. Comm'r of Soc. Sec.*, 588 F. Supp. 3d 412, 422 (S.D.N.Y. 2022)(collecting cases); *Duffy v. Comm'r of Soc. Sec.,* No. 17-CV-3560-GHW-RWL, 2018 WL 4376414, at *18 (S.D.N.Y. Aug. 24, 2018), *report and recommendation adopted,* No. 1:17-CV-3560-GHW, 2018 WL 4373997 (S.D.N.Y. Sept. 13, 2018)("Mild or moderate limitations in concentration do not necessarily establish that a claimant is disabled, particularly where the ALJ limits the scope of work to unskilled, repetitive work.")(collecting cases).

B.   Respiratory Irritants

The ALJ recognized Plaintiff's asthma as a severe impairment. (T at 17).  Dr. J. Rosenthal, a non-examining State Agency review consultant,

opined that Plaintiff should "avoid respiratory irritants." (T at 103). Dr. R. Dickerson, another State Agency review physician, concluded that Plaintiff should "[a]void even moderate exposure" to fumes, odors, dusts, gases, and poor ventilation. (T at 124). Dr. Steven Thau, Plaintiff's treating pulmonologist, opined that Plaintiff should avoid all exposure to extremes of temperature, high humidity, and respiratory irritants. (T at 1530-31).

The ALJ's RFC determination provides that Plaintiff needs to "avoid extreme cold, extreme heat, humidity and atmospheric conditions …." (T at 21). In turn, the ALJ's step five analysis is based on the vocational expert's testimony that a claimant with limitations consistent with the RFC determination, including avoidance of "extreme cold, extreme heat, [and] atmospheric conditions," could not perform Plaintiff's past relevant work, but could perform other work that exists in significant numbers in the national economy. (T at 74-76).

Plaintiff argues that the ALJ should have addressed her respiratory limitations more precisely, both with the vocational expert and in the decision. Plaintiff contends that the ALJ's use of the term "avoid" in relation to her ability to tolerate exposure to irritants creates an ambiguity that needs to be resolved on remand.

14

Although the ALJ certainly could have been more precise in the language used to address Plaintiff's respiratory limitations, the Court finds any error as to this issue harmless.

The vocational expert identified three representative occupations that a hypothetical claimant with Plaintiff's RFC could perform: routing clerk, mail clerk, and assembler. (T at 75). According to the job descriptions contained in the *Dictionary of Occupational Titles* ("DOT"),[3] none of the representative occupations require exposure to respiratory irritants. *See* DOT 222.687-022; 209.687-026; 731.687-010.

As such, the ALJ's analysis can be sustained even if one reads the record as supporting the conclusion that Plaintiff can have no exposure to irritants, which makes the ALJ's failure to clarify the term "avoid" harmless in this context. *See Parent v. O'Malley*, No. 23-917, 2024 WL 3342463, at *3 (2d Cir. July 9, 2024).

Moreover, the record does not support the conclusion that Plaintiff is precluded from any exposure to irritants. Treatment notes repeatedly described Plaintiff as displaying normal respiratory effort, with her lungs

---

[3] The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles* ("DOT"), which is published by the Department of Labor and provides detailed descriptions of the requirements for a variety of jobs. *See* 20 CFR § 416.966 (d)(1).

clear to auscultation bilaterally, and no respiratory distress. (T at 334, 356, 359, 372, 377, 528, 644, 1467, 1507, 1622, 1632, 1893, 1903, 1906, 1909, 1931, 1942, 2003, 2070, 2242, 2353, 2430, 2569, 2721, 2786, 3215, 3220, 3228, 3327, 3385, 3487, 3528, 3564, 3602, 3619, 3638). Pulmonary function testing in May and November of 2021 showed only mild obstructive ventilatory impairment, normal lunge volumes, normal diffusing capacity, and normal oxygen saturation. (T at 394, 1239). *See, e.g., Paul W. H. v. Comm'r of Soc. Sec.*, No. 6:20-CV-6858 (WBC), 2022 WL 1913281, at *5 (W.D.N.Y. June 3, 2022)(ALJ reasonably concluded that claimant could occasionally tolerate environmental irritants based on medical opinion evidence and claimant's activities of daily living); *Christine Lee S. v. Comm'r of Soc. Sec.*, No. 5:20-CV-1008 (CFH), 2022 WL 103108, at *11 (N.D.N.Y. Jan. 11, 2022); *see generally Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018)(the ALJ may reach a determination that "does not perfectly correspond with any of the opinions of medical sources," provided the overall assessment is supported by substantial evidence and consistent with applicable law).

    For these reasons the ALJ's decision must be sustained under the deferential standard of review applicable here. *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010)(finding remand not appropriate if the ALJ

committed harmless error, *i.e.*, where "application of the correct legal principles to the record could lead only to the same conclusion")(alteration omitted)(citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's request for judgment on the pleadings is DENIED; the Commissioner's request for judgment on the pleadings (Docket No. 13) is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: June 11, 2025                             *s/ Gary R. Jones*
                                                  GARY R. JONES
                                                  United States Magistrate Judge